IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN VAUGHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:10-00622 |
| v. ) | Judge Sharp / Knowles |
| ) | |
| JEFF LONG, SHERIFF, and ) | |
| SOUTHERN HEALTH PARTNERS, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

Presently pending before this Court is a "Motion to Dismiss Or, In The Alternative, Motion for Summary Judgment" filed by Defendant Sheriff Jeff Long. Docket No. 50. Along with that Motion, Defendant Long has filed a supporting Memorandum of Law, Statement of Undisputed Material Facts, and the Affidavits of Sheriff Jeff Long and Security Lieutenant Mark Wainwright. Docket Nos. 51-54.[1]

Plaintiff has not filed a Response.

Plaintiff, an inmate housed at the Charles B. Bass Correctional Complex at the time he filed his Complaint, filed this pro se, in forma pauperis action, pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment Rights. Docket No. 1. Specifically, Plaintiff avers that he did not receive his multiple sclerosis medication for twenty (20) days while housed at the Williamson County Jail, despite repeated requests. *Id.* Plaintiff sues Sheriff Jeff Long and

---

[1]For the reasons discussed below, Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the undersigned will analyze this Motion as a Motion to Dismiss, and will not consider the submitted Statement of Undisputed Material Facts or Affidavits.

Southern Health Partners.[2] *Id.* Plaintiff does not state the capacity in which he sues either Defendant. *Id.* Plaintiff seeks compensatory and punitive damages. *Id.*

Defendant Sheriff Jeff Long filed this Motion to Dismiss on two grounds: the first, for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6); and the second, for failure to exhaust his administrative remedies pursuant to 42 U.S.C. §1997e(a).[3] Docket No. 51. With regard to Plaintiff's failure to state a claim upon which relief can be granted, Defendant argues that, inasmuch as Plaintiff sues Defendant in his official capacity, that suit is actually against Williamson County. *Id.* Defendant asserts that, because Plaintiff has failed to alleged that any Williamson County policy, practice, or custom caused him injury, Plaintiff cannot sustain an official capacity claim. *Id.* Defendant also argues that, to the extent that Plaintiff may be suing him in his individual capacity, Plaintiff has failed to allege that he had any personal involvement in the conduct that allegedly violated his rights. *Id.* Accordingly, Defendant argues that Plaintiff cannot sustain either an official or an individual capacity claim against him. *Id.*

As has been noted, Plaintiff has failed to respond to Defendant's Motion.

For the reasons discussed below, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED.

## II. Facts

The allegations of Plaintiff's Complaint, in their entirety, are as follows:

---

[2]Defendant Southern Health Partners has filed a separate Motion for Summary Judgment and is not a party to the instant Motion to Dismiss.

[3]Because Plaintiff has failed to state a claim upon which relief can be granted, the undersigned will not analyze Defendant's allegation that Plaintiff has failed to exhaust his administrative remedies.

I would like to file this civil suit in a pro-se fashion and proceed as a poor person. I am currently not receiving any income.

My primary complaint is that I suffer from Multiple Sclerosis (MS) which is a neurological disease. I was prescribed Copaxone which is to be administered daily. I was diagnosed with this by Dr. Lance Wright at the Semmes-Murphey Clinic in Memphis, TN.

I entered Williamson County Jail on March 22, 2010 and advised staff that I only had 4 doses remaining and that I would need a refill if I were to be there longer than four days. Also my wife, Leslie Vaughn, called by phone. The medical staff said they would call their pharmacy to inquire about my refill. I took my four remaining doses, each day asking about the status of my refill. I was told each time that the jail would order my medicine and not to worry about it. On March 25, 2010, I took my last shot and was told that my medicine cost $3,200.00 and that the medical staff was not sure if they would order my medicine. I was then asked how long I could do without it. I told them about 6 days but I would start feeling the effects of not having it.

On April 2, 2010 which was the 8th day without my medicine my right side started going numb. I advised the nurse on duty and was told that an appointment to see a neurologist had been made. Each day the numbness got progressively worse. On April 7, 2010 I was taken to see Dr. Stephen Hunter with Advanced Neuroscience in Franklin, TN. He updated my prescription and gave [it] to the transportation officer. Upon returning to the jail, I asked if I could take my prescription to the medical office and he said it would be taken care of.

On April 9, 2010 I was told I was being transferred to the Charles B. Bass Correctional Facility in Nashville, Tennessee. While I was dressing to leave Williamson County Corrections, I asked about my medication and told the booking officer about my appointment and my prescription refill. He checked and said that there was no medication for me.

I am now housed at the Charles B. Bass Correctional Complex and during intake, I advised the medical staff of my medical condition and of the numbness in my body. I finally received my medicine on April 14, 2010 and the numbness is finally starting to subside. So for a total of twenty (20) days, I was without my medicine and I suffered unnecessary pain and discomfort due to the indifference of the medical staff and Sheriff's Department at Williamson

> County Corrections.
>
> I signed a Release of Information according to HIPPA guidelines and my medical records are available for review. Why didn't a competent medical professional review my records and see I needed my medication daily?
> In my assessment of all my pain and suffering and damage to my nervous system and body, I am requesting ($100,000) one hundred thousand dollars and punitive damage in the amount of two hundred fifty thousand dollars ($250,000).
>
> I am filing this complaint under 42 U.S.C. 1983 and ask that the court please accept this complaint.

Docket No. 1.

### III. Analysis

### A. Standard of Review: Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate

standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950 (citations omitted).

## B. 42 U.S.C. § 1983

Plaintiff alleges violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S.

42, 48 (1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326 (1941).

## C. The Case at Bar

As has been discussed, Plaintiff does not identify the capacity in which he sues Defendant. Because Plaintiff does not affirmatively plead the capacity in which he sues Defendant, Plaintiff is deemed to sue Defendant in his official capacity. *See Wells v. Brown*, 891 F.2d 591, 593-94 (6th Cir. 1989).

In complaints alleging federal civil rights violations under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (*citing Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). As such, when a public employee is sued in his or her official capacity, the claims are essentially made against the public entity. *Id.* In order for the public entity to be subject to liability under § 1983, the plaintiff must plead allegations, *inter alia*, that an "official policy or custom was adopted by the official makers of policy with 'deliberate indifference' towards the constitutional rights of persons affected by the policy or custom." *City of Canton v. Harris*, 489 U.S. 378, 387-388 (1989); *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 690-691 (1978).

6

Inasmuch as Plaintiff brings the instant § 1983 claims against Defendant Long in his official capacity, Defendant Long stands in the shoes of the entity he represents (*see Claybrook*, 199 F.3d at 355 n.4), which is the Williamson County Sheriff's Department.

In order to withstand this aspect of Defendant's Motion, therefore, Plaintiff must allege facts that show or imply the existence of a constitutionally deficient Williamson County Sheriff's Department official policy, practice, or custom. *City of Canton*, 489 U.S. at 387-88. Plaintiff has failed to do so. As can be seen in the recitation of the allegations of Plaintiff's Complaint above, Plaintiff does not allege any facts that show or imply the existence of a constitutionally deficient Williamson County Sheriff's Office policy, practice, or custom, much less aver that any such policy, practice, or custom caused him injury. Without any such allegation, Plaintiff cannot sustain an official capacity claim against Defendant Long.

Moreover, to the extent that as Plaintiff intended to sue Defendant in his individual capacity, Plaintiff is unable to sustain his individual capacity claim against Defendant Long, as the Sheriff, because § 1983 does not permit the imposition of liability based upon *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). *See also, Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996).

In order for Defendant to be held liable in his individual capacity, Plaintiff must demonstrate that Defendant personally condoned, encouraged, or participated in the conduct that allegedly violated his rights. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (citations omitted). *See also, Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984) (*citing Hays v. Jefferson County,* 668 F. 2d 869, 872-874 (6th Cir. 1982) (The supervisor must have "at least

7

implicitly authorized, approved or knowingly acquiesced in" the misconduct.)  Conclusory allegations are not enough.  *See Street,* 886 F.2d at 1479.  *See also, Anderson,* 477 U.S. at 257; *Nix v. O'Malley,* 160 F.3d 343, 347 (6th Cir. 1998); *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888 (1990); *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir. 1990).  Plaintiff must establish a "causal connection between the misconduct complained of and the official sued."  *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

As can also be seen in the recitation of the allegations of Plaintiff's Complaint above, Plaintiff does not mention Defendant Long at all in his Complaint, much less proffer any allegations against him.  Without any allegation that Defendant Long personally condoned, encouraged, or participated in the conduct that allegedly violated his rights, Plaintiff cannot sustain an individual capacity claim against him.

## IV.  Conclusion

For the forgoing reasons, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. CLIFTON KNOWLES
United States Magistrate Judge